# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KENYATTA HEATH, | )<br>) |
| Movant, | )<br>) CV405-165 |
| v. | ) Case No. CR499-58-002<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Kenyatta Heath has submitted a letter to the Court asking for relief from his conviction and sentence based on a "grave miscarriage of justice and claims of actual innocence." As Heath is challenging his underlying federal conviction, his letter is properly construed as a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

Movant previously filed a § 2255 motion with this Court, which was denied on November 9, 2000. Docs. 76, 80, 84. According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

The Court finds that Heath's letter is properly classified as a § 2255 motion. Because movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion, this Court is without jurisdiction to consider the

motion at this time. Accordingly, the Court recommends that Heath's letter be construed as a motion made under 28 U.S.C. § 2255 and that it be DISMISSED as successive.

**SO REPORTED AND RECOMMENDED** this 8th day of **September, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

Kenyatta Heath )

vs ) CASE NUMBER  CV 405-165; CR-499-58

United States of America ) DIVISION  SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated R&R and Order, which is part of the official record of this case.

Date of Mailing:  9-9-05

Date of Certificate  ☐ same date,  or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Amy Lee Copeland, US Attorney
Kenyatta A. Heath, USP, P O Box 150160, Atlanta, Ga. 30315

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate